**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4190**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JASON WARD NORMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00011-RLV-DCK-4)

Submitted: August 2, 2010      Decided: September 16, 2010

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Ward Norman pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base and possession with intent to distribute cocaine base (crack). The district court sentenced him to 168 months' imprisonment. On appeal, Norman argues that the district court failed to address his arguments at sentencing and failed to provide an individualized explanation of the sentencing factors as they apply to him. We affirm.

At sentencing, Norman contested the quantity of drugs that was attributed to him in the presentence report. The court heard testimony from the case agent and Norman and determined that the probation officer's calculation of approximately 3,859 grams of crack cocaine and 2,240 grams of powder cocaine was supported by a preponderance of the evidence. Norman's attorney asked the court to consider all the sentencing factors and "sentence [Norman] with leniency," considering his health, the fact that he was an addict, the level of his culpability, and his family support.

The district court adopted the findings in the presentence report. The applicable advisory guideline range was therefore 168 to 210 months' imprisonment. The court then referenced United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a) (2006), and imposed a 168-month sentence. The

2

court further stated that it "ha[d] not identified factors in [§] 3553(a) that would mitigate the guideline range."  The court also commented, "This case illustrates the demons of drugs as well as any in that the defendant found himself helpless and nevertheless continued to participate in activities which spread drugs about to others who would therefore be in similar circumstances to him."

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.  First, the court must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  Even if the sentence is procedurally reasonable, the court must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in

3

§ 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Norman argues that his sentence is procedurally unreasonable because the district court did not consider the § 3553(a) factors and failed to provide an individualized statement of how the factors applied in his case. Norman preserved the issue by arguing in the district court for a lenient sentence. See Lynn, 592 F.3d at 577-78.

The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court must "place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Carter, 564 F.3d at 330 (internal quotation marks, footnote, and citation omitted). This is true even when the district court sentences a defendant within the applicable guidelines range. Id. An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting

4

*Rita v. United States*, 551 U.S. 338, 356 (2007)), petition for cert. filed, 78 U.S.L.W. 3764 (U.S. 2010) (No. 09-1512).

The district court properly calculated Norman's guidelines range. In imposing sentence, the court commented on the dangers of drugs, and illustrated those dangers by referencing Norman's particular case. We need not determine whether this constitutes an adequate explanation under *Carter* and Supreme Court law. Rather, because the district court explicitly considered the § 3553(a) factors for potential mitigation of the sentence, and because the district court sentenced Norman to the lowest point in the applicable guideline range, we conclude that any error was harmless. See *Lynn*, 592 F.3d at 582; see also *Rita*, 551 U.S. at 359 ("Where . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (procedural error is harmless if it "did not have a substantial and injurious effect or influence on the result and we can[] say with . . . fair assurance[] . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed").

Having determined that there is no reversible procedural error, the court next considers the substantive

5

reasonableness of the sentence, taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.  Because Norman's sentence is within the appropriate guidelines range, we presume on appeal that it is substantively reasonable.  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).  The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).  Norman has not rebutted that presumption.  Accordingly, we hold that the district court committed no significant procedural or substantive error in sentencing Norman.  Accordingly, we affirm Norman's 168-month sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED